# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2575-17T4

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

    Plaintiff-Respondent,

v.

R.E.H. Jr.,

    Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF O.H., a Minor.

_____

Submitted October 24, 2018 – Decided  November 9, 2018

Before Judges Koblitz, Ostrer and Currier.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Cape May County, Docket No. FG-05-0016-16.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven E. Miklosey, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jennifer K. Russo-Belles, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Melissa R. Vance, Assistant Deputy Public Defender, on the brief).

PER CURIAM

Defendant R.E.H. Jr.,[1] appeals from a January 23, 2018 Family Part order terminating his parental rights to his then-almost-four-year-old daughter O.H. We affirm, substantially for the reasons stated by Presiding Judge Nancy L. Ridgway in her written opinion issued with the order.

The evidence is outlined in detail in the judge's opinion. A summary will suffice here. The child was born in 2014 to a mother who subsequently executed an identified surrender[2] to the current resource parents who wish to adopt O.H. These resource parents have adopted two of O.H.'s siblings after defendants surrendered their rights to these two children, in an identified surrender to the

---

[1]  We use initials to identify the parties to preserve the confidentiality of these proceedings.  R. 1:38-3(d)(12).

[2]  In an "identified surrender," the "person(s) as to whom the surrender is made shall adopt the children."  N.J. Div. of Youth and Family Services v. D.M.B., 375 N.J. Super. 141, 145 (App. Div. 2005); see N.J.S.A. 9:3-38(j); N.J.S.A. 9:3-41; N.J.S.A. 30:4C-23.

resource parents. The resource parents' two biological children also live in the household.

Defendant is intellectually limited and suffers from psychiatric disorders. He is a long-time marijuana user and has longstanding housing and work instability, although he had a job and was living in a mobile home with his girlfriend at the time of trial. The two older children were not well-supervised or well-cared-for by defendant. He had only supervised visits with O.H. since her removal at seven months. O.H. has only a moderate attachment to defendant, viewing him as a "visiting relative." She has a strong attachment to her resource parents, with whom she has lived since she was seven months old. Defendant's paramour, by her own account, has a "learning disability," making her eligible for Social Security benefits. While defendant works, she is defendant's proposed caretaker for O.H., who has special needs.

In her comprehensive opinion, the trial judge found that the Division had clearly and convincingly proven all four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a), and that termination of defendant's parental rights was in the child's best interests. On this appeal, our review of the trial judge's decision is limited. We defer to her expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 411-12 (1998), and we are bound by her factual findings

3

so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007). After reviewing the record, we conclude that the trial judge's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable.

Defendant contends that the trial court erred in not giving sufficient weight to the insufficiency of the Division's efforts to place O.H. with relatives, the strength of the bond between defendant and O.H., and defendant's rehabilitative efforts. In light of Judge Ridgeway's opinion, those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2575-17T4